# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | | |
|---|---|---|
| **JAMES RENWICK MANSHIP, SR.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:11CV00014 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **PAUL H. THOMSON, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*James Renwick Manship, Sr., Pro Se.*

In this pro se action, I grant the plaintiff's motion to proceed in forma pauperis, but dismiss the proposed Complaint sua sponte for failing to state a claim upon which relief can be granted, because the plaintiff lacks standing to bring the action.

I

Plaintiff James Renwick Manship, Sr., proceeding pro se, filed this action alleging violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, §§ 18 U.S.C.A. 1961-1968 (West 2000 & Supp. 2010), and demanding a new jury trial for one "Jeffrey Franklin Washington," an inmate housed at the state Greenville Correctional Facility in Jarratt, Virginia. In the

present pleadings, Manship also self-identifies as "Chairman and Counselor" for the "God and Country Foundation," "Chaplain" of the "Amos 5:15 Project – 'Remodel your Courts into True Halls of Justice,'" and "Authorized 'Advocate'" for Washington. Manship alleges that the defendants, members of Virginia law enforcement and the Virginia court system involved in Washington's prosecution, conspired to wrongly convict Washington.

Manship has properly applied to proceed in forma pauperis, an application which I grant. However, 28 U.S.C.A. § 1915(e)(2)(B) (West 2006), provides that this court "shall dismiss" an action filed in forma pauperis "at any time if the court determines" that the action "fails to state a claim on which relief may be granted." Upon review of Manship's proposed Complaint, this action must be dismissed for failure to state a claim.

Manship attempts to assert claims on Washington's behalf to vindicate alleged violations of Washington's civil and constitutional rights. This Manship cannot do. While "[a]n individual unquestionably has the right to litigate his *own* claims in federal court," *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005) (emphasis added) (citing 28 U.S.C.A. § 1654 (West 2006)), the right to litigate on one's own behalf does not create a right to litigate on the behalf of

another.[1]  *See id.* (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).  In any event, Manship has no right to represent other potential litigants, since he is not a lawyer admitted to practice before this court.  *See Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997).

II

For the foregoing reasons, the plaintiff's motion to proceed in forma pauperis will granted and the proposed Complaint will be dismissed.

DATED:  March 18, 2011

/s/  James P. Jones
United States District Judge

---

[1] A letter attached to the Complaint, dated in 2008, signed by Washington and authorizing Manship to appeal for a pardon by former Virginia Governor Timothy Kaine on Washington's behalf, is without consequence for Article III justiciability purposes.